**FILED**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JUN 2 4 2002

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

SECURITIES AND EXCHANGE COMMISSION,　　　:

　　　Plaintiff,　　　:

　　　　　　　　　　　:

　v.　　　　　　　　:　　Civil Action No. 02 1090

　　　　　　　　　　　:

JOHN F. MORTELL, <u>et al.</u>,　　　:

　　　Defendants.　　　:

---

**FINAL JUDGMENT AS TO
DEFENDANT GLEN P. DUFFY**

Plaintiff, the United States Securities and Exchange Commission ("Commission"), having filed its Complaint, and Defendant Glen P. Duffy ("Duffy"), in the attached Consent and Undertakings of Glen P. Duffy ("Consent"), having entered a general appearance herein, admitted this Court's jurisdiction over him and over the subject matter of this action, waived service of the Summons and Complaint, waived the filing of an Answer to the Complaint, waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, waived any right he may have to appeal from the entry of this Final Judgment as to Defendant Glen P. Duffy ("Final Judgment") and, without admitting or denying the allegations of the Complaint, except as to jurisdiction, to which he admits, and without presentation of any evidence, trial, argument, or adjudication of any issue of fact or law, having consented to the entry of this Final Judgment, and it further appearing that this Court has jurisdiction over him and the subject matter hereof, and this Court being fully advised in the premises:

## I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Duffy, his agents, servants, employees, and attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

(1)     to employ any device, scheme, or artifice to defraud,

(2)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Duffy, his agents, servants, employees, and attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly:  (1) violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange

Act [15 U.S.C. § 78m(2)];  and (2) violating Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Duffy, his agents, servants, employees, and attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting violations of Sections 13(a) and 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(a) and 78m(b)(2)(A)] and Exchange Act Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], by directly or indirectly, (a) filing or causing to be filed with the Commission, on behalf of any issuer, any annual, quarterly or other report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed, or (b) failing to make and keep accurate books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Duffy, his agents, servants, employees, and attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment, and each of them, be

and hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting violations of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by, with respect to any issuer, aiding and abetting the failure to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific authorization; (2) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (b) to maintain accountability for assets; (3) access to assets is permitted only in accordance with management's general or specific authorization; and (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Duffy, his agents, servants, employees, and attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, aiding and abetting violations of Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by aiding and abetting any director or officer of an issuer in (a) making or causing to be made a materially false or misleading statement or (b) omitting to state, or causing another person to omit to state, a material fact necessary to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (1) any required audit or examination of financial statements of an issuer or (2) the preparation or filing of a document or report required to be filed with the Commission.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Duffy shall be assessed and shall pay a civil penalty of $10,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

## VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Duffy shall pay the civil penalty in the amount of $10,000 within ten (10) days of the entry of the Final Judgment.  Such payment shall be:  (a) made by United States postal money order, certified check, bank cashier's check, or bank money order; (b) made payable to the Securities and Exchange Commission; (c) hand-delivered or mailed to the Comptroller, U.S. Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, VA 22312; and (d) submitted with a cover letter that identifies Duffy as a defendant in this action, the caption and the civil action number of this action, the name of this Court, and the Commission's internal file number for this matter (HO-3462).  A copy of the cover letter and money order or check shall be simultaneously sent to Scott W. Friestad, Assistant Director, Division of Enforcement, U.S. Securities and Exchange Commission, 450 Fifth Street, N.W., Washington, D.C. 20549-0708.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the attached Consent is incorporated by reference herein with the same force and effect as if fully set forth herein and that Duffy shall comply with the terms of the attached Consent.

### IX.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this action for all purposes, including implementation and enforcement of the terms and conditions of this Final Judgment and attached Consent.

### X.

There being no reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith and without further notice.

_____
UNITED STATES DISTRICT JUDGE

Date: _____June 17, 2002_____